[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S NOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment claiming he is not personally liable for sums that are allegedly due and owing. He claims only to have acted in my capacity as a corporate officer; if, that is so he would not incur personal liability, Castaldo v.D. Eramo, 140 Conn. 88 (1953), Scribner v. O'Brien, 169 Conn. 389,404 (1975).
The plaintiff claims through its corporate president that when dealing with the defendant it always believed it was dealing with Mr. Melina as an individual. There has been a great deal of material submitted to support the defendant's position. Several important documents passed between the plaintiff and the defendant which refer to Mr. Melina as acting within his corporate capacity.
I agree with the defendant's reference to and analysis of the cases he cites. On the basis of what has been submitted to me it would appear to be a strong case for the defendant Mr. Melina. But that is not the test for summary judgment; I must conclude there is no genuine issue of material fact. The affidavit of Mr. Elkinson states that Melina never told him he was dealing with a corporation. Admittedly a mere denial such as this in and of itself would not serve to refute the plaintiff's exhibits indicating Mr. Melina only acted in his corporate capacity. However, several of the invoices sent by Elkco Corporation indicate the items were sold to "Melina Co. David Melina."
Why was David Melina's name put on the invoice in that manner? Exhibit H sent by a Richard Bailey apparently at Mr. Melina's request says in reference to the notes drawn up in an attempt to settle the dispute "David is positive he can pay out." A fax, Exhibit I, from Mr. Melina to Mr. Elkinson says "Dave — I will try to get a payment out by Thursday.
This is pretty flimsy material but I can't say there is no genuine issue of material fact.
As to Exhibits A through D, I have not relied on them. At this point I'm not absolutely clear of the representations under which they were sent.
The fact that the plaintiff sought a personal guarantee on the CT Page 14365 notes which were to compensate the plaintiff for the amount that remained owing is again strong evidence in the defendant's favor. But the fact that a party owed money would like a personal guarantee on a note for amounts it claims are owing does not negate the possibility that it otherwise believed that the individual from whom it sought the guarantee was not otherwise liable on the underlying debt. Strong evidence but not conclusive. The motion for summary judgment is denied.
Thomas Corradino, Judge